Lawanna Sue STEPHENS *v.* Albert STEPHENS

5-4592 428 S. W. 2d 246

Opinion delivered June 3, 1968

*Bethell, Stocks, Calloway & King,* for appellant.

*Robinson & Booth,* for appellee.

John A. Fogleman, Justice. Appellant instituted a suit in Oklahoma to recover delinquent child support payments. Having obtained judgment, she proceeded to register it pursuant to the Uniform Enforcement of Foreign Judgments Act of Arkansas [Ark. Stat. Ann. §§ 29-801 through 29-818 (Repl. 1962)]. As all proper steps for registration appeared to have been taken, an order of the Crawford County Chancery Court requiring an immediate writ of execution was made. The writ issued, and the sheriff levied upon a 1960 Diamond T Tractor registered in the name of Hugh Stephens, the former husband of appellant. Subsequently, Albert Stephens, the father of Hugh Stephens, filed an intervention claiming ownership of the truck. At the hearing on the intervention, the chancellor found Albert Stephens to be the equitable owner of the truck, vacated the order requiring immediate execution and quashed the levy of execution. From this determination in favor of the intervenor, appellant prosecutes this appeal, asserting

several points for reversal. We find it unnecessary to discuss all of her points, as we feel that the decree of the lower court must be reversed due to our conclusion that the finding of equitable ownership in Albert Stephens is clearly against the preponderance of the evidence.

The undisputed evidence shows that the truck was purchased from the Fruehauf Trailer Division of the Fruehauf Corporation at Wichita, Kansas. In support of his contention of equitable ownership, intervenor-appellee introduced evidence showing that the loan from City National Bank of Tulsa, Oklahoma, made for the purpose of purchasing the truck, was taken out in the name of Albert Stephens. Carl Wiedemann, president of the lending bank and a witness in the proceedings below, testified that the loan was made to Albert, and not Hugh, Stephens and that, as far as he knew, the bank had never loaned any money to Hugh Stephens. The evidence further showed that the loan was repaid by checks written on the account of Mr. and Mrs. Albert Stephens, by Mrs. Albert Stephens, who was shown to be the business manager for the family.

The contention is made that Hugh Stephens was merely an employee of Albert Stephens in the latter's trucking business. There was testimony that Hugh drew a salary of $75.00 per week, and that this was paid in cash but there was no documentary evidence indicative of an employer-employee relationship. Hugh Stephens stated that on long hauls (sometimes lasting two months or longer) he had the checks from customers made out to him; that he would cash them and use the proceeds for expenses; and that he turned over the remainder, if any, to his mother.

Appellant introduced evidence proving that all documents concerning the truck in issue were in the name of defendant Hugh Stephens. The Kansas certificate of title reflected an assignment from the Fruehauf Trailer

Company to Hugh Stephens. Also in the name of Hugh, as owner, were: (1) an application for registration of the truck with the Motor Vehicle Division of the Arkansas Department of Revenues; (2) an application for certificate of title (which contained a provision for fine and/or imprisonment for false answer); (3) an application for registration under Nebraska Motor Carriers Fuel Tax Law; and (4) an Illinois reciprocity application form. All these applications were necessitated by Hugh's operation of the truck. Hugh's 1966 federal income tax return included no amount under the heading "Wages, salaries, tips, etc." Rather, it reflected that his occupation was a "trucker" and on Schedule C [Profit (or Loss) From Business or Profession] he stated his principal business activity to be "transportation." In addition to showing "gross receipts" of $18,000.00, the Schedule reflected that a deduction for depreciation on the truck was taken.

Appellant testified that the defendant, while they were still married, had told her that he had voluntarily gone into default on a truck he previously owned for the purpose of keeping his first wife from getting it. She further stated that he had financed the purchase of a 1963 GMC truck in his father's (intervenor's) name during the period of their marriage. With regard to the truck here involved, she testified that defendant told her that he had bought a new truck and that it was financed in his father's name. She said that this was not an "unusual arrangement." Her testimony was that, on one of the long hauls which the defendant had made, the checks were issued to him and that "[h]e and I used them" for expense money, to pay the rent, to buy groceries and his clothes.

In an attempt to justify or explain the fact that all the documents relating to the truck were in the name of his son, appellee-intervenor testified that, when he went to negotiate with Fruehauf, his son went with him. It became necessary for additional equipment to be

added to the truck, which required additional time, and he left his son there to drive the truck back the following day. He said that, through some error on the part of employees of Fruehauf, the assignment of title was made in favor of Hugh, rather than himself. He said that the error was perpetuated by the Arkansas Revenue Department when the truck was licensed in Arkansas for the first time. All the other documents, he claims, had to be in Hugh's name because the original papers were issued that way.

The record does not contain a certificate of title from the Arkansas Department of Revenues, although there is evidence that a certificate had been issued in Hugh's name. Appellee, attempting to show that no certificate had been issued, introduced a letter from the Department of Revenues which stated that the records did not reflect a title certificate having been issued. The record reflects, however, that this letter was in reply to a letter from appellee which contained an incorrect serial number for the truck. Moreover, appellee's own witness, Carl Wiedemann, testified that the Department of Revenues informed him that "they had issued a title on this truck to Hugh Stephens." Further evidence that a certificate had been issued is that the application for certificate of title ("pink slip") showed the title number to be 5087234.

Reversed and remanded for further proceedings not inconsistent with this opinion.